UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| KELLY A. ZUELKE,<br><br>    Plaintiff,<br><br>v.<br><br>AA RECOVERY SOLUTIONS, INC. and PAYMENT MANAGEMENT SERVICES USA, LLC,<br><br>    Defendants. | CIVIL COMPLAINT<br><br>CASE NO. 2:19-cv-00074<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Now comes KELLY A. ZUELKE ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of AA RECOVERY SOLUTIONS, INC. ("AA"), and PAYMENT MANAGEMENT SERVICES USA, LLC ("PMS") (collectively "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Michigan Occupational Code ("MOC") under M.C.L. §339.901 *et seq.*, for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants have substantial contacts with the Western District of Michigan and Defendants conduct business in the Western District of Michigan.

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## PARTIES

5. Plaintiff is a consumer over-the-age of 18 residing in Gogebic County, Michigan, which is located within the Western District of Michigan.

6. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

7. AA promotes that it "takes advantage of most methods of payment to help consumers settle their accounts."[1] AA is a corporation organized under the laws of the state of Florida with its principal place of business located at 4500 140th Ave N, Suite 101, Clearwater, Florida 33762.

8. PMS provides payment processing services to debt collectors. PMS is a limited liability company organized under the laws of the state of New York with its principal place of business located at 11 Pinchot Court, Suite 110B, Amherst, New York.

9. Defendants are "person[s]" as defined by 47 U.S.C. §153(39).

10. AA is PMS' principal. Consequently, AA is liable for PMS' actions as it exercises control over PMS' conduct. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) ("[T]o be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent.").

---

[1] https://aarecovery.org/payments/

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

12. The instant action stems from Defendants' attempts to collect upon a past due consumer debt ("subject debt") purportedly owed by Plaintiff.

13. Around early 2019, Plaintiff began receiving collection calls from AA attempting to collect upon the subject debt.

14. Shortly after first communicating with AA, Plaintiff agreed to make installment payments to AA in order to satisfy the subject debt.

15. AA used the services of PMS, a debt collector, to process any payments made by Plaintiff.

16. Plaintiff did not agree to being charged any processing/service fees for payments made in towards the subject debt.

17. Nonetheless, absent Plaintiff's assent, Plaintiff was charged processing/service fees by Defendants upon submitting payment(s).

18. Thereafter, Plaintiff suffered financial hardship and was unable to make payments to Defendants.

19. Plaintiff communicated to Defendants her inability to continue making payments to fulfill the subject debt.

20. In response, AA engaged in harassing debt collection practices by placing multiple debt collection calls in a short amount of time.

21. Moreover, AA threatened litigation and to unilaterally seize Plaintiff's property due to Plaintiff's nonpayment.

22. Frustrated over Defendants' conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendants' actions.

24. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, diminished space for data storage on her cellular phone, embarrassment associated with private details being disclosed to her family, and anxiety stemming from the threats of legal action.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### AGAINST DEFENDANTS

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27. AA is a "debt collector" as defined by §1692a(6) of the FDCPA because it regularly collects or attempts to collect, directly and indirectly, debts owed or due or asserted to be owed or due another.

28. PMS is a "debt collector" as defined by §1692a(6) because it regularly collects or attempts to collect, indirectly, debts owed or due or asserted to be owed or due another.

29. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692c(a)(1) and §1692d**

30. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring

or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31. AA violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified that Plaintiff could not make payments. AA called Plaintiff on multiple occasions in a short span of time right after Plaintiff explained her inability to continue making payments. This repeated behavior of systematically calling Plaintiff's phone was harassing and abusive. The frequency and volume of calls shows that AA willfully ignored Plaintiffs' pleas with the goal of annoying and harassing her.

32. AA was notified by Plaintiff that its calls were not welcomed. As such, AA knew that its conduct was inconvenient and harassing to her.

    b. **Violations of FDCPA § 1692e**

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . ." 15 U.S.C. § 1692e(2).
>
> "The representation or implication that nonpayment of any debt will result in the . . . seizure, garnishment, attachment, or sale of any property or wages . . ." 15 U.S.C. § 1692e(4).
>
> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

5

35. AA violated 15 U.S.C. §§ 1692e, e(2), e(4), e(5), and e(10) when it deceptively represented that it would unilaterally seize Plaintiff's property. AA began its debt collection campaign by telephonically contacting Plaintiff. After making payments towards the subject debt, Plaintiff explained that she could no longer make installment payments. In response, AA relentlessly contacted Plaintiff and threatened litigation without the intent to sue. Moreover, AA represented that it had the ability to unilaterally seize her property. AA's lack of intent to lawfully seize her property can be gauged by its failure to initiate proper proceedings to follow through with its threats. Consequently, AA issued its false threats because its intentions were to collect from Plaintiff outside of the judicial process by continuing with its harassing collection campaign.

36. PMS violated §§1692e e(2), e(5), and e(10) through its implicit misrepresentations as to its ability to collect additional amounts above and beyond the total amount due. PMS is not permitted to make this additional charge, and the threat of such an action constitutes a threat to take action that cannot legally be taken. Per the FDCPA, a debt collector is prohibited from attempting to collect an amount not provided for in the original document giving rise to the subject debt. Upon information and belief, the contract creating the subject debt did not allow for the addition of processing/service fees associated with payment processing to be added to the subject debt.

   c.  **Violations of FDCPA § 1692f**

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. AA violated §1692f when it unfairly and unconscionably threatened to unilaterally seize her property. Any reasonable fact finder will conclude that AA's threats were unfair and unconscionable debt collection behavior, as they were designed to place undue pressure on Plaintiff to address the subject debt.

39. In addition to the general proscription against unfair and unconscionable collection conduct, 15 U.S.C. § 1692f(1) further provides that it is a violation of the FDCPA for a debt collector to attempt to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

40. PMS violated 15 U.S.C. §§1692f and f(1) when it charged service/processing fees for processing payments absent Plaintiff's consent. As a debt collector indirectly attempting to collect the subject debt, PMS was not permitted to apply any additional payment processing fee, as such payment processing fees were not expressly permitted by the underlying agreement giving rise to the subject debt.

WHEREFORE, Plaintiff, KELLY A. ZUELKE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 per Defendants as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendants from further contacting Plaintiff seeking payment of the subject consumer debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE
### AGAINST DEFENDANTS

41. Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

43. Defendants are "collection agenc[ies]" as defined by M.C.L. § 339.901(b) because they are persons directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

44. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

    a. **Violations of M.C.L. § 339.915(f)(ii)**

45. The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

46. AA violated M.C.L. § 339.915(f)(ii) by implying that it could unilaterally seize Plaintiff's assets. Through its threats, AA misrepresented its ability and legal rights to seize Plaintiff's property outside of the judicial process. Any reasonable fact finder will conclude that AA's goal was to worry and confuse Plaintiff in order to force her to submit a payment.

47. PMS also violated M.C.L. § 339.915(f)(ii) by suggesting that it could collect an amount higher than Plaintiff's actual obligations under the subject debt. Consequently, PMS misrepresented the amount it could legally collect from Plaintiff. Moreover, PMS' other contradictions caused confusion and failed to provide Plaintiff with sufficient information regarding Plaintiff's purported rights and obligations.

WHEREFORE, Plaintiff, KELLY A. ZUELKE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1);

c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2);

d. Awarding statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2);

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2);

f. Enjoining Defendants from further contacting Plaintiff seeking payment of the subject consumer debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 28, 2019

Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
*Counsel for Plaintiff*
Admitted in the State Bar of Michigan
Admitted in the Western District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Western District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225

*Counsel for Plaintiff*
Admitted in the Western District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com