# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

KELLY A. ZUELKE

      Plaintiff,                                      Case No. 2:19-cv-00074-JTN-MV

vs.

AA RECOVERY SOLUTIONS, INC.
PAYMENT MANAGEMENT SERVICES USA, LLC

      Defendants.

## DEFENDANTS AA RECOVERY SOLUTIONS, INC.'S AND PAYMENT MANAGEMENT SERVICES USA, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

Defendants AA Recovery Solutions, Inc. and Payment Management Services USA, LLC (collectively "Defendants"), by and through their undersigned attorneys, submit this brief in opposition to Plaintiff Kelly A Zuelke's ("Plaintiff") Motion for Default Judgment seeking Attorneys' Fees and Costs.

## PROCEDURAL HISTORY

On March 28, 2019, Plaintiff filed her Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and Michigan Occupational Code, M.C.L. § 339.901, *et seq.* ("MOC"). PageID.1-10. Thereafter, on April 30, 2019, filed her application for entry of default. PageID.22-26. On May 1, 2019, the Court entered default against Defendants. PageID.28. On May 28, 2019, Plaintiff filed her motion for default judgment against Defendants, requesting statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and M.C.L. § 339.916(2). PageID.30-39. Counsel for Plaintiff is seeking $3,825.00 in attorneys' fees for a claimed 11.8 hours of combined attorney and

staff time at a rate of $375.00 per hour for attorney Nathan Volheim and $125.00 per hour for paralegal Kiran Wadia. PageID.35-36.

Plaintiff's motion, however, seeking $3,825.00 in attorneys' fees is excessive. Specifically, Plaintiff's motion seeking attorneys' fees is excessive for two reasons: (1) the attorney hourly rate of $375.00 for an action alleging claims pursuant to the FDCPA and MOC is not reasonable; and (2) the time spent is disproportionate given inappropriate billing entries for administrative tasks and time spent drafting the Complaint. As discussed in greater detail below, after adjusting Plaintiff's request to account for the excessive time and hourly rate, it is respectfully submitted that Plaintiff's counsel be awarded $1,975.00

**ARGUMENT**

**I.  The Hourly Rate Is Excessive**

"It is well settled that the "lodestar" approach is the proper method for determining the amount of reasonable attorneys' fees." *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). "This approach involves two steps. First the court calculates the 'lodestar' by multiplying 'the hours spent on a case by a reasonable hourly rate of compensation for each attorney involved.'" *Potter v. Blue Cross Blue Shield of Michigan*, 10 F. Supp. 3d 737, 760 (E.D. Mich. 2014) (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986)). "Second, the court may then, within limits, adjust the 'lodestar' to reflect relevant considerations peculiar to the subject litigations." *Id.* (internal citation and quotation omitted).

Mr. Volheim's claimed entitlement to an hourly rate of $375.00 is excessive given the attorney billing rates for the legal community in Michigan. "A reasonable hourly rate is generally calculated according to the 'prevailing market rates in the relevant community.'" *Potter*, 10 F.

Supp. 3d at 760 (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). "[T]he prevailing market rate is that rate which lawyers of comparable skill and experience can expect to command within the venue of the court of record, rather than foreign counsel's typical charge for work performed within a geographical area where he maintains his office." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000). "Prevailing attorneys must justify the reasonableness of a requested fee award." *Potter*, 10 F. Supp. 3d at 760. Furthermore, "the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 896 n. 11.

In Michigan, "[t]he accepted benchmark for determining reasonable hourly rates in this district is the State Bar of Michigan's most recent Economics of Law Practice Survey." *Smith v. Reliant Group Debt Mgmt. Solutions*, No. 16-10325, 2018 WL 6579189, at *2 (E.D. Mich. Nov. 28, 2018); *see also Croft v. L.C. Maxwell and Assocs.*, No. 2:17-cv-13421, 2019 WL 275933, at *2 (E.D. Mich. Jan. 22, 2019). The most recent Economics of Law Practice Survey conducted by the State Bar of Michigan found the 25th percentile billing rate for consumer law attorneys to be $250 per hour, the mean billing rate for consumer law attorneys is $322 per hour and the median billing rate is $300 per hour. *See* State Bar of Michigan, Economics of Law Practice Survey (2017), https://www.michbar.org/file/pmrc/articles/0000154.pdf (last viewed May 29, 2019); *see also Link v. Recovery Solutions Group, L.L.C.*, No. 17-cv-10844, 2018 WL 1980657, at *5 (E.D. Mich. Apr. 27, 2018) (awarding a rate of $300 per hour for a consumer law attorney licensed since 2005); *Croft*, 2019 WL 275933, at *2 (awarding a rate of $250 per hour on an FDCPA action); *Smith*, 2018 WL 6579189, at *2 (awarding rates of $200 and $250 per hour for associate attorneys on an FDCPA action).

Here, Plaintiff has failed to satisfy her burden of establishing entitlement to an hourly rate of $375. Plaintiff's motion is devoid of any evidence that counsel for Plaintiff has reasonably comparable skill, experience and reputation to other consumer law attorneys in Michigan who have been awarded an hourly rate of $375. Specifically, Plaintiff's motion fails to address Mr. Volheim's experience in handling FDCPA and MOC claims, how long he has been practicing consumer law, how long he has been licensed to practice law, whether Mr. Volheim is an associate or partner at Sulaiman Law Group, or the fees awarded to Mr. Volheim in previous FDCPA and MOC actions. Rather, counsel for Plaintiff merely attaches an itemized list of time entries related to the work performed on prosecuting Plaintiff's claims against Defendants. PageID.35-36. Notably, in August of 2016, the United States District Court, Central District of Illinois, reduced Mr. Volheim's rate from his requested rate of $350 per hour to $200 per hour in an FDCPA action where Plainitff obtained a default judgment against the defendant. *See Nokes v. The Cavalry Firm*, No. 15-3354, 2016 WL 4126413, at *5 (C.D. Ill. Aug. 3, 2016). Given the prevailing market rate for attorney's handling consumer law actions in Michigan and the absence of any information to substantiate a fee of $375, an hourly rate of $250 is reasonable.

**II.     The Total Number of Hours Claimed Is Excessive**

It is well settled that time spent on administrative or clerical tasks is not compensable and should be excluded. *See Potter*, 10 F. Supp. 3d at 768 (citing *Caudill v. Sears Transition Pay Plan*, No. 06-12866, 2011 WL 1595044, at *14–15 (E.D. Mich. Apr. 26, 2011); *Allison v. City of Lansing*, No. 503-CV-156, 2007 WL 2114726, at *1 (W.D. Mich. July 19, 2007)). The 11.8 hours Plaintiff's counsel claims to have spent prosecuting this action is excessive. Four of the thirteen entries, totaling 2.4 hours, involve work performed by Kiran Wadia, who is presumably a paralegal employed by Plaintiff's counsel given the hourly rate associated with the entries. PageID.35. The

2.4 hours of time expended by Ms. Wadia are:

| Date | Description | Attorney/Staff | Rate | Time | Amount |
| --- | --- | --- | --- | --- | --- |
| 3/28/2019 | Filed Complaint, Issued Summons and sent to process server | Kiran Wadia | $125.00 | 1.0 | $125.00 |
| 4/10/2019 | Filed Executed Summons for AA Recovery Services | Kiran Wadia | $125.00 | .2 | $25.00 |
| 4/17/2019 | Filed Executed Summons for Payment Management Services USA, LLC | Kiran Wadia | $125.00 | .2 | $25.00 |
| 4/30/2019 | Filed Motion for Entry of Default Judgment and sent to Defendant via mail, fax and email | Kiran Wadia | $125.00 | 1.0 | $125.00 |

PageID.35. The above 2.4 hours represents all of Ms. Wadia's requested time spent on performing tasks related to this action. As the description of each entry indicates, time spent "filing" is not compensable and should be excluded from the application for attorneys' fees. *See Potter, supra*. Therefore, all of Ms. Wadia's time should be excluded from Plaintiff's request for attorneys' fees.

In addition, Mr. Volheim claims to have expended 3.5 total hours drafting and revising the Complaint. PageID.35. This time is comprised of 3.0 hours drafting the Complaint and .5 hours revising the Complaint. PageID.35. This time is excessive given the simple and uncomplicated nature of the claim and the number of FDCPA cases Mr. Volheim's firm files each year. A cursory review of PACER reveals that Plaintiff's counsel's firm files hundreds of FDCPA cases across the country each year. Given that Mr. Volheim's firm should be well versed in drafting complaints, 2.0 total hours is reasonable time for the drafting of this Complaint. After excluding Ms. Wadia's time in its entirety (2.4 hours) and reducing Mr. Volheim's time spent drafting and revising the Complaint from 3.5 hours to 2.0 hours, the calculation of total hours expended by Plaintiff's counsel is 7.9 hours at $250 per hour. This should represent a reasonable amount of time expended by Mr. Volheim in prosecuting this action.

## CONCLUSION

Given the absence of any information relating to Mr. Volheim's experience in prosecuting FDCPA and MOC cases, an award of $250 per hour is reasonable. Furthermore, after excluding the administrative time spent "filing" and a reduction in time drafting the Complaint, 7.9 hours is a reasonable amount of time spent on this case. As demonstrated above, Plaintiff's motion for attorneys' fees is excessive and should be reduced accordingly to an award of $1,975.00.

Given that Plaintiff has named two Defendants, each Defendant should only be responsible for fifty percent of the total attorneys' fees awarded. Accordingly, judgment should be entered against Defendant AA Recovery Solutions, Inc. in the amount of $1,987.50 ($1,000 in statutory damages plus $987.50, which is 50% of the attorneys' fees awarded) and Defendant Payment Management Services USA, LLC in the amount of $1,987.50 ($1,000 in statutory damages plus $987.50, which is 50% of the attorney's fees awarded).

DATED: May 30, 2019

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

s/ Brendan H. Little
Brendan H. Little, Esq.
Attorneys for Defendants
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
blittle@lippes.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3, Defendants AA Recovery Solutions, Inc.'s and Payment Management Services USA, LLC's Opposition to Plaintiff's Motion for Default Judgment on Sums Certain was created using Microsoft Word 2013 and contains 1608 words as defined by Local Rule 7.3(b)(i).

s/ Brendan H. Little
Brendan H. Little