UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KELLY A. ZUELKE,

    Plaintiff,

v.

AA RECOVERY SOLUTIONS, INC.
and PAYMENT MANAGEMENT
SERVICES USA, LLC,

    Defendants.
_____/

Case No. 2:19-cv-00074

Hon. Janet T. Neff
U.S. District Judge

## REPORT AND RECOMMENDATION

The matter before the undersigned is Plaintiff Kelly A. Zuelke's Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2). (ECF No. 9.) After this motion was filed, Defendants AA Recovery Solutions, Inc. and Payment Management Services USA, LLC, filed an appearance and a response. (ECF No. 10.) For the reasons stated below, the undersigned recommends that the Court enter default judgment in favor of Plaintiff in the amount $6,144.70, which consists of attorney's fees and costs totaling $4,144.70, for which Defendants are jointly and severally liable, and statutory damages of $1,000 per defendant.

**Procedural Posture**

On March 28, 2019, Plaintiff filed her Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and Michigan Occupational Code, Mich. Comp. Laws § 339.901, *et seq.* ("MOC"). (ECF No. 1.)

Defendants were served on April 8, 2019 and their answers were due on April 29, 2019. (ECF Nos. 4, 5.) After Defendants did not file an answer, Plaintiff filed an application for entry of default on April 30, 2019. (ECF No. 6.) On May 1, 2019, the Clerk of Court entered default against Defendants. (ECF No. 7.)

On May 28, 2019, Plaintiff filed a motion for default judgment against Defendants, requesting statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Mich. Comp. Laws § 339.916(2). (ECF No. 9.) Plaintiff specifically sought (1) $1,000 per Defendant in statutory damages; (2) $3,825.00 in attorney's fees; (3) $602.20 in costs; and (4) judgment interest.

On the same date, Defendants filed an appearance. Two days later, on May 30, 2019, Defendants filed a response in which they only argued that the requested attorney fee amount was excessive, and that Defendants should not be held jointly and severally liable for the total damages amount. (ECF No. 10.)

Plaintiff filed a reply in which she asserted that the requested attorney fee amount was reasonable. (ECF No. 11.) Plaintiff also asked that the attorney fee amount be increased by $1,500 for an additional 4 hours of work spent on the reply brief.

## Analysis

Plaintiff moves for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2), which provides:

(b) Entering a Default Judgment.

. . .

    (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

        (A)    conduct an accounting;

        (B)    determine the amount of damages;

        (C)    establish the truth of any allegation by evidence; or

        (D)    investigate any other matter.

In this case, Defendant AA Recovery Solutions, Inc. is a corporation and Defendant Payment Management Services USA, LLC is a limited liability company and, therefore, Defendants are not minors, incompetent persons, or current members of the military service. Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521.

Because default was entered against Defendants, they are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995); *Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993). Although Defendants have recently filed an appearance, they are not attempting to defend on the merits. "[A]n appearance, without any further attempt to defend on the merits, will not keep a party from being held in default for failure to plead or otherwise defend." 10A Wright & Miller Fed. Prac. &

Proc. Civ. § 2686 (4th ed.) (citing *Parise v. Riccelli Haulers, Inc.*, 672 F. Supp. 72 (N.D.N.Y. 1987)). Therefore, the undersigned finds that Plaintiff is entitled to a default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

Having determined that Plaintiff is entitled to a default judgment, the undersigned must next determine the appropriate damage amount.

Plaintiff requests that the Court enter judgment against Defendants on a joint and several basis in the amount of $7,627.20 – consisting of (1) $1,000 per Defendant in statutory damages; (2) an attorney fee of $5,025.00; and (3) costs of $602.20.

Defendants argue that the total damage amount should be $3,975 – consisting of $1,000 per Defendant in statutory damages, and (2) an attorney fee of $1,975. Defendants further argue that each Defendant should be responsible for only half of the total damage amount or $1987.50.

1. **Statutory Damages**

The FDCPA authorizes statutory damage awards up to a maximum of $1,000. 15 U.S.C. § 1692k(a)(2)(A). In determining a proper statutory award, a court must consider, "among other relevant factors . . . the frequency and persistence of noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

Here, Plaintiff requests that the Court award $1,000 per Defendant in statutory damages under the FDCPA. Plaintiff requests the maximum amount because Defendants charged "Plaintiff unauthorized processing/service fees which increased Plaintiff's monthly payments on the subject loan to the point that she could

4

no longer afford to pay the Defendants." (ECF No. 9, PageID.31.) "When Defendants did not receive payments on the subject debt, Defendant[s] started placing calls to Plaintiff's phone threatening to initiate litigation and seize her property if she does not [make] any payments on the subject debt." (ECF No. 9, PageID.32.) Defendants do not challenge this requested amount. Given the nature of that conduct, the Court finds that Plaintiff is entitled to the maximum statutory damages of $1,000 per Defendant.

**2. Attorney's Fees**

A reasonable attorney fee is authorized by 15 U.S.C. § 1692k(1)(3). Plaintiff argues that a reasonable attorney fee in this case is $5,025.00. This amount is based on 13.4 hours at an hourly rate of $375.[1] Defendants argue that a reasonable attorney fee in this case is $1,975. This amount is based on 7.9 hours at an hourly rate of $250. As further described below, the undersigned finds that the appropriate calculation in this case is 10.9 hours at an hourly rate of $325, which is $3,542.50.

The starting point for determining the amount of a reasonable attorney fee is the "lodestar" amount, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 551-52 (6th Cir. 2008) (citing *Hensley*

---

[1] This amount includes an additional 4 hours for filing the reply brief. In addition, Plaintiff initially requested $300 based on a paralegal performing 2.4 hours of work at an hourly rate of $125. However, in the reply brief, Plaintiff concedes that the $300 should not be included in the total damages amount. (ECF No. 11, PageID.55.) Therefore, the undersigned will not address the $300 for work performed by the paralegal.

5

*v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The primary concern in an attorney fee case is that the fee awarded be reasonable,' that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). The party requesting attorney fees bears the burden of establishing that the number of hours and hourly rate are reasonable. *Hensley*, 461 U.S. at 437.

### A. Hourly Rate

The first step of the lodestar calculation is determining the appropriate hourly rate. A reasonable hourly rate is the prevailing market rate in the relevant community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Fuhr v. School Dist. of Hazel Park*, 364 F.3d 753, 762 (6th Cir. 2004). The benchmark for determining a reasonable hourly rate is the State Bar of Michigan's Economics of Law Practice Survey. *See O'Connor v. Trans Union, LLC*, 2008 WL 4910670, *6 (E.D. Mich. Nov. 13, 2008) ("District courts have relied on the State Bar of Michigan Economics of Law Practice Survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice.") (citing *Lamar Advertising Co. v. Charter Twp. of Van Buren*, 178 F. App'x. 498, 501-02 (6th Cir. 2006)).

The most recent survey for attorneys practicing consumer law in Michigan establishes the following hourly rate statistics: median of $300, mean of $322, 25th

percentile of $250, and 75th percentile of $400.[2] Plaintiff's counsel also states that he has been an attorney for 9 years and has handled over 600 cases in the field of consumer law. (ECF No. 11-1, PageID.59.) In their briefing, the parties note that courts have approved an hourly rate for Plaintiff's counsel as high as $375 per hour, *Anderson v. Eastern Asset Services, LLC*, 2019 WL 2141664, at *5 (N.D. Tex. May 16, 2019), and as low as $200, *Nokes v. Cavalry Firm*, 2016 WL 4126413, at *5 (C.D. Ill. Aug. 3, 2016).

After considering Plaintiff's experience and the market rate statistics, the undersigned concludes that Plaintiff's counsel's rate of $375 is slightly excessive. The undersigned finds that an amount closer to the market average in Michigan is more appropriate. Accordingly, the undersigned finds that an hourly market rate of $325 is reasonable.

**B. Total Number of Hours**

The second step in the lodestar approach is to determine the appropriate number of hours. Plaintiff initially calculated the number of hours at 9.4 hours.[3] In their response, Defendants argued that the number of hours should be reduced to 7.9 hours. Specifically, Defendants claim that Plaintiff's counsel's 3.5 hours spent drafting and reviewing the complaint should be reduced to 2 hours. Plaintiff filed a

---

[2] See State Bar of Michigan, Economics of Law Practice Survey (2017), available at https://www.michbar.org/file/pmrc/articles/0000153.pdf (last visited Jun. 25, 2019).

[3] The 9.4 hours does not include the 2.4 hours performed by a paralegal that was initially included by Plaintiff.

7

reply arguing that 3.5 hours was reasonable and requested an additional 4 hours for the work performed in filing a reply brief.

Based on the relatively short and simple complaint, as well as Plaintiff's experience in filing FDCPA complaints, the undersigned agrees with Defendants that 3.5 hours for drafting and reviewing the complaint is excessive. Instead, the undersigned finds that 2.0 hours for drafting and reviewing the complaint is reasonable. In addition, the undersigned finds that the number of hours for filing the reply brief is excessive and should be reduced from 4 hours to 3 hours. Based on these new calculations, the reasonable number of hours performed by Plaintiff's counsel is 10.9 hours.

Accordingly, the undersigned recommends that the Court award a reasonable attorney fee of $3,542.50, which is calculated based on 10.9 hours at an hourly rate of $325.

### 3. Costs

Costs are authorized by 15 U.S.C. § 1692k(a)(3). Plaintiff requests $602.20 in costs, which consists of a filing fee of $400.00; a service fee of $175.00, and postage in the amount of $27.20. Although Defendants did not include this amount in their total damage calculation, they offer no argument as to why costs should not be awarded in this case. The undersigned finds that the $602.20 cost amount is reasonable and warranted in this case.

### 4. Joint and Several Liability

Finally, the parties dispute whether Defendants should be held jointly and severally liable for the total damages amount. The briefing on this issue is not thorough. Defendants simply state that because there are two Defendants, each Defendant should be responsible for only half of the damages.

Plaintiff argues that Defendants should be held jointly and severally liable for the total damages because another court held two defendants jointly and severally liable for damages in an FDCPA default judgment case. *Young v. Law Offices of Herbert Davis*, 2014 WL 3418209, at *6 (N.D. Cal. Jul. 11, 2014). But in *Young*, the district judge adopted the magistrate judge's report and recommendation after there were no objections. *Id.* at *1. And the only mention of joint and several liability is in one of the final lines of the report and recommendation. *Id.* at *6. The magistrate judge did not offer any explanation as to why joint and several liability was appropriate in that case.

Instead of following *Young*, the undersigned finds the district court's approach in *Overcash v. United Abstract Group, Inc*, 549 F. Supp 2d 193 (N.D.N.Y. 2008) to be persuasive. In that case, the district court imposed $1,000 in statutory damages against each of the two defendants. *Id.* at 197. The court determined that the two defendants could not be held jointly and severally liable for the full $2,000 of statutory damages. *Id.* Instead, each defendant had to remain individually liable for the statutory damages. *Id.* However, the court ruled that the defendants could be held jointly and severally responsible for the attorney's fees and costs. *Id.*

9

The undersigned recommends that the Court follow the same approach in this case. Each defendant should be liable for $1,000 in statutory damages and Defendants should be jointly and severally liable for the attorney's fees and costs.

### Recommendation

Accordingly, the undersigned recommends that the Court enter a default judgment against Defendants in the total amount of $6,144.70, which consists of attorney's fees and costs totaling $4,144.70 for which the defendants are jointly and severally liable, and statutory damages of $1,000 per defendant.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: June 28, 2019

                                                    /s/ *Maarten Vermaat*
                                                    MAARTEN VERMAAT
                                                    U.S. MAGISTRATE JUDGE